UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DUSTIN RELLER,<br><br>      Plaintiff,<br><br>   vs.<br><br>DONELL WELCH, ADMINISTRATOR PENNINGTON COUNTY JAIL, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; ROBERT YANTIS, JAIL COMMANDER AT PENNINGTON COUNTY JAIL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; WADE ANDERSON, CAPTAIN AT PENNINGTON COUNTY JAIL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; CAPT. KATHLEEN HOUSTON, CAPTAIN AT PENNINGTON COUNTY JAIL, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; BRIAN MUELLER, PENNINGTON COUNTY SHERIFF, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND PENNINGTON COUNTY, IN ITS INDIVIDUAL AND OFFICIAL CAPACITIES (PER [17]);<br><br>      Defendants. | 5:24-CV-05029-CCT<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL** |

      Plaintiff, Dustin Reller, filed a pro se lawsuit alleging violations of his civil rights while incarcerated at the Pennington County Jail. Docket 1. Reller now moves for appointment of counsel. Docket 19.

1

## DISCUSSION

Reller moves to appoint counsel because he is indigent and does not have access to the original lawsuit or complaint as he was not allowed to transport those documents to prison. *Id.* He further claims he is unable to obtain those documents in prison. *Id.*

Reller relies solely on his status as an indigent person in his request for counsel. *Id.* The Court did grant Reller's motion for leave to proceed in forma pauperis on March 26, 2025. Docket 17.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). Under 28 U.S.C. § 1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts may appoint counsel, and the Eighth Circuit has acknowledged the "express authority of the district court to make such appointments." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984) (citing *White v. Walsh*, 649 F.2d 560, 563 (8th Cir. 1981)).

In determining whether to appoint counsel to a pro se litigant in a civil case, the district court considers "the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present [his] claim." *Stevens*, 146 F.3d at 546 (citation omitted). Liberally construing Reller's complaint, he brings an action for violations of his rights under the First, Fourth, Fifth, Sixth, Eighth, and

2

Fourteenth Amendments. Docket 1. He also filed a motion for settlement conference, for subpoenas, for copies, to add three defendants, for a temporary restraining order, to supplement the record, for service, and to amend/correct his complaint. Dockets 5–10, 12–14. The Court granted Reller's motions to add three defendants (Docket 9), to supplement the record (Docket 10), for service (Docket 12) and to amend/correct his complaint (Dockets 13 & 14). Although some of Reller's claims were dismissed in the 1915A screening, a number of his claims survived. Docket 17 at 33–34. Reller's filings thus far show his ability to litigate his claims to this Court.

Considering these factors, the Court does not deem it necessary to appoint counsel at this stage in litigation. The Court is aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993) (citations omitted). Thus, Reller's motion for the appointment of counsel, Docket 17 is denied.

## CONCLUSION

Based on the foregoing reasons, it is hereby

ORDERED that Reller's motion for the appointment of counsel (Docket 19) is denied without prejudice.

Dated April 8, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE