UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DUSTIN RELLER,<br><br>   Plaintiff,<br><br>vs.<br><br>DONELL WINCH, Administrator Pennington County Jail, in her individual and official capacity; ROBERT YANTIS, Jail Commander at Pennington County Jail, in his individual and official capacity; WADE ANDERSON, Captain at Pennington County Jail, in his individual and official capacity; CAPT. KATHLEEN HOUSTON, Captain at Pennington County Jail, in her individual and official capacity; BRIAN MUELLER, Pennington County Sheriff, in his individual and official capacity; and PENNINGTON COUNTY, in its individual and official capacity,<br><br>   Defendants. | 5:24-CV-05029-CCT<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE, MOTION FOR RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL, AND MOTION FOR SUMMARY JUDGMENT** |

  Plaintiff, Dustin Reller, who is now an inmate at the Rapid City Community Work Center, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 alleging claims arising out of his pretrial detention at the Pennington County Jail. Docket 1; Docket 16. The Court granted Reller's motion for leave to proceed in forma pauperis and screened his complaint under 28 U.S.C. § 1915A, dismissing the complaint in part and directing service in part. Docket 17. Reller has filed a motion to extend time for service and for reconsideration

of the order denying his motion for appointment of counsel. Docket 22. Reller also filed a motion for summary judgment. Docket 28. The Court now considers these motions.

I. **Motion to Extend Time for Service and to Reconsider Order Denying Motion for Appointment of Counsel (Docket 22)**

The Court ordered Reller to complete and send to the Clerk of Court a separate summons and Marshall Service Form (Form USM-285) for each of the six defendants that remained after 1915A screening. Docket 17 at 35. Reller complied with the Court's order and then moved for an extension of time for service because he is "unsure of the service process." Docket 22 at 1; *see also* Docket 20. All but one of the defendants have been served. Docket 28 at 1; Docket 29; Docket 30; Docket 32 at 2. Although Defendant Robert Yantis has not been served, an attorney appeared on his behalf and filed on his behalf a Rule 12(b)(6) motion to dismiss for failure to state a claim. Docket 23, 24. Defendant Yantis has waived any defense regarding service of process. Fed. R. Civ. P. 12(h)(1). Thus, Reller's motion to extend time for service, Docket 22, is denied as moot.

After the Court screened Reller's complaint, Reller moved for appointment of counsel. Docket 19. The Court denied Reller's motion for appointment of counsel at this stage of the proceedings, finding that Reller's filings demonstrate that he can adequately present his claims to the Court. Docket 21 at 3. Reller requests that the Court reconsider its order denying his motion for appointment of counsel because he wants to take depositions and otherwise needs assistance conducting discovery. The Court recognizes that it

2

may be difficult for Reller to conduct depositions, but there is a pending Rule 12(b)(6) motion. Reller does not need to conduct depositions to respond to that motion. If Defendants' motion to dismiss is denied and Reller demonstrates, after serving interrogatories, requests for production of documents, and requests for admissions, that there are specific factual disputes that may warrant depositions, Reller may renew his motion for appointment of counsel. At this time, Reller's motion for reconsideration of the order denying his motion for appointment of counsel, Docket 22, is denied.

## II.   Motion for Summary Judgment (Docket 28)

Reller moves for summary judgment on the grounds that all Defendants except Yantis were served on April 9, 2025, and did not timely answer or otherwise respond to the complaint. Docket 28. Defendants timely filed[1] a motion to dismiss on April 30, 2025. Docket 17 at 35–36 (ordering defendants to "serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service"); Fed. R. Civ. P. 12(a)(1)(A)(i). To

---

[1] The Court's Order directed Defendants to serve and file an answer or responsive pleading on or before 21 days following the date of service. Docket 17 at 35–36. Defendants served their motion to dismiss, supporting memorandum, and supporting affidavit by mail on May 1, 2025, *see* Docket 27, which was one day after the deadline. *See* Fed. R. Civ. P. 5(b)(2)(C) (providing that service by mail is complete upon mailing). According to Defendants' response to Reller's motion for summary judgment, "[d]ue to the mail having already gone at the time of filing, the filings were served on Plaintiff via U.S. Mail on May 1, 2025." Docket 32 at 2. Because Defendants' motion to dismiss was timely filed, a one-day delay in serving Reller is not a basis for striking the motion as timely or finding that Defendants are in default. There is no prejudice to Reller because the Court is extending his time to respond to Defendants' motion to dismiss. As this case proceeds, Defendants should serve Reller by mail on the same day that they electronically file any papers in this action.

the extent Reller contends that he is entitled to summary judgment because Defendants did not timely respond to the complaint, his motion is denied.

To the extent Reller contends that he is entitled to summary judgment because "there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law[,]" Reller's motion for summary judgment is denied without prejudice. Fed. R. Civ. P. 56(a). A party moving for summary judgment must file "a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Each material fact must be presented in a separate numbered statement with an appropriate citation to the record in the case." D.S.D. Civ. LR 56.1.A. Reller did not submit the required statement of undisputed material facts with appropriate citations to the record. His motion for summary judgment is denied without prejudice to him filing a motion for summary judgment that complies with Federal Rule of Civil Procedure 56 and Local Rule 56.1.

Thus, it is ORDERED:

1. That Reller's motion to extend time for service, Docket 22, is denied as moot.

2. That Reller's motion for reconsideration of the Order denying appointment of counsel, Docket 22, is denied.

3. That Reller's motion for summary judgment, Docket 28, is denied without prejudice. Reller may, if he chooses, file another motion for summary judgment, but his motion for summary judgment must comply with Federal Rule of Civil Procedure 56 and the District of

    South Dakota's Civil Local Rule of Practice 56.1. The Clerk of Court is directed to send to Reller a copy of Federal Rule of Civil Procedure 56 and Local Rule 56.1 along with this Order.

4. That Reller's deadline for responding to Defendants' motion to dismiss, Docket 24, is extended until **June 12, 2025**. If Reller intends to file a response to Defendants' motion to dismiss and supporting memorandum, Docket 25, he must file his response no later than **June 12, 2025**.

Dated May 22, 2025.

                            BY THE COURT:

                            /s/ *Camela C. Theeler*
                            CAMELA C. THEELER
                            UNITED STATES DISTRICT JUDGE