UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DUSTIN RELLER,<br><br>Plaintiff,<br><br>vs.<br><br>DONELL WELCH, Administrator Pennington County Jail, in her individual and official capacity; ROBERT YANTIS, Jail Commander at Pennington County Jail, in his individual and official capacity; WADE ANDERSON, Captain at Pennington County Jail, in his individual and official capacity; CAPT. KATHLEEN HOUSTON, Captain at Pennington County Jail, in her individual and official capacity; BRIAN MUELLER, Pennington County Sheriff, in his individual and official capacity; and PENNINGTON COUNTY, in its individual and official capacity,<br><br>Defendants. | 5:24-CV-05029-CCT<br><br>**ORDER ON PLAINTIFF'S PENDING MOTIONS (DOCKETS 41, 49, 50, 51, 55, 61)** |

Plaintiff, Dustin Reller, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 alleging claims arising out of the time he was housed at the Pennington County Jail as a pretrial detainee. After commencing the action, Reller filed a change of address notification to inform the Court that he had been transferred to the South Dakota State Penitentiary. Docket 15. Reller then notified the Court that on or about May 1, 2026, he was scheduled to be transferred to the St. Francis House, where he would remain until his initial parole date of

January 3, 2027, or potentially later. Docket 48. According to Reller's notice, at the St. Francis House, he will not have access to a law library, legal research materials, or technology-based resources. *Id.* at 1. Additionally, Reller is required to work a minimum of 50 hours per week. *Id.*

Now pending before the Court are Reller's motion for appointment of counsel, Docket 41; motions to amend or supplement the complaint, Dockets 49, 51; motion to subpoena/allow documents, Docket 50; motion to modify the Rule 16 scheduling order, Docket 55; and motion to compel, Docket 61. The Court now considers these motions.

## I. Motion for Appointment of Counsel (Docket 41)

The Court previously denied Reller's initial motion for appointment of counsel. Dockets 19, 21. In his second motion for appointment of counsel, Reller contends that this case is "highly complex and nearly impossible for a layperson to litigate[.]" Docket 41 at 1 (capitalization and emphasis in original omitted). He also argues that he cannot conduct critical discovery without counsel, is required to work full-time while at the St. Francis house, and the St. Francis house lacks a law library or other legal research resources. *Id.* at 2–3. When considering Reller's initial motion for appointment of counsel, the Court outlined the relevant factors when considering a motion for appointment of counsel in a civil case. *See* Docket 21 at 2.

The Court disagrees that this is a legally or factually complex case. Further, Reller's filings to date demonstrate that he can adequately present his claims to the Court at this stage of the litigation. That Reller is now required to

work full time while at the St. Francis House is not a reason to appoint counsel. Many pro se litigants, including those who are incarcerated, are employed. Although Reller contends that he cannot conduct critical discovery without counsel, he has not identified any specific issue that cannot be explored by serving interrogatories or requests for production of documents. Reller states that he believes that it is necessary to depose at least some of the defendants, but the Court notes that Reller seeks to depose defendants regarding matters in which he was directly involved and has personal knowledge. At least through the dispositive motion stage, Reller can support his claims with an affidavit setting forth his position.

Finally, while Reller may not have access to a law library or a tablet containing electronic legal research programs such as Westlaw while at the St. Francis, he does not have a constitutional right of access to the courts "to litigate effectively once in court." *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (internal quotation omitted). As this case proceeds through the dispositive motion stage, the Court will consider all relevant legal authorities, including authorities not cited by the parties, when determining whether Reller has sufficiently alleged a viable claim that should be scheduled for trial. For these reasons, Reller's renewed motion for appointment, Docket 41, is denied at this stage of the proceedings.

## II. Motions to Amend or Supplement Complaint (Dockets 49, 51)

Reller has filed two motions to amend or supplement the complaint. Dockets 49, 51. As this Court understands Reller's motions, he is not alleging

any occurrences or events that occurred after he commenced this action. *See generally* Dockets, 49, 51. Instead, he seeks to include additional factual allegations in support of his denial of access-to-the-courts claim. *Id.* Specifically, Reller contends that he was not permitted to take "legal work" to an evidentiary hearing in his state criminal case, Docket 49, and that defendants' actions impeded his ability to demonstrate that in his state criminal case that false testimony was presented to the grand jury as well as police and prosecutorial misconduct, Docket 51. Thus, this Court will construe Reller's motions as motions for leave to assert an amended complaint. *See* Fed. R. Civ. P. 15(d) (stating that a court may permit a party "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."); *United States v. Voracek*, 563 F.2d 884, 886 (8th Cir. 1977) (per curiam) (stating that a supplemental pleading "is designed to cover matters subsequently occurring but pertaining to the original cause" (internal quotation omitted)).

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Defendants argue that Reller's motions to amend should be denied as futile because

defendants are entitled to qualified immunity. Docket 58. Defendants' opposition does not acknowledge that Reller's official capacity access-to-the-courts claims for money damages survived § 1915A screening. *See* Docket 17 at 13–15. Qualified immunity protects individuals who are sued in their individual capacity for money damages under § 1983, but qualified immunity is not available to county officials sued in their official capacities. *Wolfe v. City of Town & Country*, 599 F. Supp.3d 784, 790 (E.D. Mo. 2022). As the Court discussed in the 1915A screening order, a suit against a governmental official in his or her official capacity is functionally equivalent to a suit against the employing governmental entity, which here is Pennington County. Docket 17 at 13–14 (citation omitted). It is well established that qualified immunity "is not a defense available to governmental entities[.]" *Johnson v. Outboard Mar. Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

Defendants do not argue that they will be prejudiced if Reller is permitted to amend his complaint to include additional supporting factual allegations. *See generally* Docket 58. It is in the interests of justice to permit the proposed amendments clarifying Reller's claims. For these reasons, Reller's motions to amend, Dockets 49 and 51, are granted. Because Reller's amendments do not assert additional claims or name additional defendants, defendants are **not** required to respond to the additional allegations as set forth in Fed. R. Civ. P. 15(a)(3).

## III. Motion to Subpoena/Allow Documents (Docket 50)

Reller moves for an order permitting him to allow additional documents into the record and subpoenaing a transcript of state court hearing held on or about June 20, 2024, in state case file 24-161. Docket 50. Defendants did not respond to Reller's motion.

Reller states that his significant other "has possesion [sic] of . . . documents proving a valid claim and upon the courts [sic] approval [he] can have them brought to the courthouse[.]" *Id.* As a case proceeds, a plaintiff may become aware of specific information that supports his or her claim. But it is not appropriate for the plaintiff to make such information part of the record immediately upon discovery. Neither the Federal Rules of Civil Procedure nor the District of South Dakota's local rules of practice provide for motions to supplement the record with supporting evidence when the proposed evidence is not being relied upon in support of a motion seeking affirmative relief or in opposition to a motion seeking affirmative relief, such as a motion for summary judgment. If Reller wishes to rely on the documents his significant other possesses, he may file those documents to support a motion for affirmative relief he may file or in opposition to a motion for affirmative relief, such a motion for summary judgment, defendants may file. Accordingly, at this stage of the proceedings, Reller's motion to allow additional documents into the record is denied as premature.

This Court is not permitted to subpoena documents at the request of a party. *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983) ("A pro se

litigant should receive meaningful notice of what is required of [him] but the court is not required nor permitted to act as counsel for any party." (alteration in original)). If Reller wishes to subpoena documents from a non-party, such as a state court clerk of court, he must comply with Federal Rule of Civil Procedure 45. However, as the Court understands it, Reller is seeking a transcript of a court hearing to which he was a party. If that hearing was transcribed, Reller may have a right to request a copy of the transcript as a matter of right, provided he is able to pay the applicable photocopying or printing costs.

Further, in certain circumstances, a federal court may take judicial notice of state court proceedings. If Reller files a motion seeking affirmative relief, such as a motion for summary judgment, or files an opposition to any motion for affirmative relief defendants may file and wants to rely upon a state court hearing transcript, he may request that the Court take judicial notice of the state court proceedings *provided* that the hearing in issue was transcribed and a transcript is available for this Court to access.

For these reasons, at this stage of the proceedings, Reller's motion to subpoena/allow documents, Docket 50, is denied.

## IV. Motion to Modify Scheduling Order (Docket 55)

Reller moves to modify the scheduling order and to extend the remaining deadlines by 90 days, commencing upon his anticipated release from custody on January 7, 2027. Docket 55. Reller contends that there is good cause to grant his request because he does not have access to a law library at the St.

Francis house, is required to work full time, and cannot depose witnesses while incarcerated. *Id.* at 1–2. Defendants oppose Reller's motion and argue that there is no good cause, that the request is premature, and that they will be prejudiced if the motion is granted. Docket 60.

The discovery deadline has not yet expired, *see* Docket 43 ¶ 2, and Reller has not identified any specific issues that he has not been able to address through written discovery such as interrogatories and requests for production. The Court understands that Reller may be unable to conduct depositions while incarcerated, but Reller has not articulated why he cannot obtain the same or very similar information through written discovery.[1] It is the Court's understanding that Reller is not scheduled to be released from the St. Francis house prior to the motion deadline. If Reller believes a reasonable extension of the motion deadline or his time to respond to any dispositive motion deadline the defendants may file is appropriate because of his conditions of confinement or work schedule, he may make such a request closer to the deadline. However, any motion to extend must be supported by good cause. For these reasons, Reller's blanket request to, in effect, stay this case pending his release from custody by extending all remaining deadlines by 90 days beginning after his release from incarceration is denied.

[1] The Court acknowledges that deposing opposing parties and important fact witnesses can be helpful to prepare for cross examination during a trial. But at the dispositive motion stage, Reller may rely on affidavits, including his own, to establish that there are genuine issues of material facts. If Reller's claims survive summary judgment, Reller may seek leave to conduct depositions after the expiration of the discovery deadline and in preparation for trial.

## V. Motion to Compel (Docket 61)

Reller moves for an order compelling defendants "to fully, completely, and truthfully answer Plaintiff's First Set of Interrogatories under oath without evasiveness or improper objections[.]" Docket 61 at 1.[2] Defendants oppose Reller's motion because he has not conferred or attempted to confer with defendants regarding the sufficiency of the discovery responses Reller contends are incomplete or evasive. Docket 63. In his reply, Reller asserts that defendants have served fraudulent discovery responses and lied under oath. Docket 64. Therefore, Reller contends that it is "legally unnecessary[]" for him to comply with the applicable meet and confer requirements. *Id.* at 3.

Federal Rule of Civil Procedure 37(a)(1) requires that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* D.S.D. Civ. LR 37.1 ("A party filing a motion concerning a discovery dispute must file a separate certification describing the good faith efforts of the parties to resolve the dispute."). Reller cites no authority to support his contention that the meet and confer requirements are not applicable when a party contends that an opposing party has submitted false or fraudulent

[2] The discovery responses that are the subject of Reller's motion to compel are not attached to his motion to compel. *See* D.S.D. Civ. LR 26.1(C) ("Any portions of discovery materials necessary for the disposition of any motion filed (with relevant portions highlighted or underlined) must either be attached as an exhibit to the party's brief in support of such motion or attached to the party's affidavit filed with the brief.").

discovery responses.[3] Because the record does not demonstrate that Reller complied with the applicable meet and confer requirements, his motion to compel, Docket 61, is denied. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (holding that a district court does not abuse its discretion by denying a motion to compel when there is no certification describing the good faith efforts to obtain discovery without court intervention).

## VI. Conclusion

Accordingly, it is ORDERED:

1. That Reller's renewed motion for appointment of counsel, Docket 41, is denied at this stage of the proceedings.
2. That Reller's motion to supplement the complaint, Dockets 49 and 51, are granted, but defendants are **not** required to respond to the additional allegations as set forth in Fed. R. Civ. P. 15(a)(3).
3. That Reller's motion to subpoena/allow documents, Docket 50, is denied
4. That Reller's motion to modify scheduling order, Docket 55, is denied.

[3] In his reply, Reller may be requesting additional relief beyond what he requested in his motion to compel, but because Reller has not demonstrated that he attempted to obtain the discovery he seeks without court intervention, the Court need not consider this issue at this time.

5. That Reller's motion to compel, Docket 61, is denied.

Dated August 27, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE